UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | 2:10-cr-00173-KJD-RJJ |
|---|---|
| Plaintiff, | **REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| BRETT COMBS, | Defendant's Motion to Suppress for Fourth Amendment Violation (#20) |
| Defendant. | |

This matter came before the Court for a hearing on Defendant's Motion to Suppress for Fourth Amendment Violation (#20), the Government's Opposition (#22), and a the testimony and evidence presented at the evidentiary hearing.

**BACKGROUND**

Brett Combs was indicted and charged with one count of being a felon unlawfully in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(g)(2) on August 20, 2010.

Almost two years earlier on August 18, 2009, Combs was released on parole by the State of Nevada. As a condition to his parole, Combs agreed to "...submit your person, property, place of residence, vehicles, or areas under you control to search at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of parole by the Division of Parole and Probation or its agent." Another condition of his parole was that Combs "shall not possess, have access to, or have under your control, any type of weapon unless the item is used in conjunction with the duties of legitimate employment and has been approved in writing by the Division of Parole and Probation or its agent." After being released, Combs reported his address

1  as 5197 Sparkling Vine, Las Vegas, Nevada.

2  On January 8, 2009, a curious chain of events occurred. That morning, LVMPD Officer
3  Zinger received an anonymous telephone call from a concerned citizen advising him that Combs
4  and others were planning an armed robbery of an armored vehicle later that same day. After
5  conducting a records check, Officer Zinger discovered that Combs was on parole and that his
6  address was listed as 5197 Sparkling Vine, Las Vegas, Nevada. LVMPD Officer Zinger then
7  contacted Nevada Parole and Probation.

8  That morning, Parole and Probation had received a fax form, advising them that Combs
9  had changed his address to 9421 Shellfish Court[1], Las Vegas, Nevada. With that information
10 received, Parole and Probation decided to do a home visit, accompanied by members of the Las
11 Vegas Metropolitan Police Department. LVMPD sent officers to observe the house at 9421
12 Shellfish Court. Those officers observed an adult female exit the house, dispose of the trash, and
13 re-enter.

14 When Parole and Probation arrived at the scene, they knocked at the door, identified
15 themselves, but received no answer. Parole and Probation officers then circled around the side of
16 the house towards the back door. As they did so, Officer Buratczuk, a Parole Officer, observed
17 Combs through a window, ducking behind a staircase. Parole and Probation then approached the
18 glass sliding door, which was open, announced themselves, and entered the residence.

19 Combs surrendered. Donna Hayborn, Combs' girlfriend, and Joan Arnbrisrter, Hayborn's
20 mother, were also taken into custody. Parole and Probation then asked Combs which room was
21 his, and Combs indicated that he stayed in the master bedroom with Hayborn.

22 Upon searching the master bedroom, Parole and Probation found a semi-automatic
23 handgun underneath the mattress. Hayborn also informed the police of a storage unit she and

---

[1] There seems to be some confusion in both Defendant's Motion (#20), Govt.'s Opposition (#22), and the Exhibits attached to both as to whether the address is 9421 Shellfish Drive or 9421 Shellfish Court. A quick county records search reveals that the correct address is 9421 Shellfish Court. http://redrock.co.clark.nv.us/assrrealprop/site.aspx; APN: 163-07-813-006.

1  Combs shared which contained more weapons, ammunition, drug paraphernalia, and stolen
2  goods.  After finding the gun, some other unlawful contraband, a stolen car, and based on
3  Hayborn's statement, Parole and Probation froze their search and turned the investigation over to
4  LVMPD.
5        LVMPD Officer Zinger then obtained a telephone search warrant for the home and the
6  storage unit.  After officers finished searching the home and storage unit, they found money,
7  multiple jewelry items, multiple men's and women's watches, approximately 150 glass smoking
8  pipes, a Walther semi-automatic handgun, a black powder rifle, a Smith and Wesson semi-
9  automatic handgun, a Ruger Mini 14 rifle, and multiple containers of ammunition.
10       Combs asks the Court to suppress the evidence seized at 9421 Shellfish Court because the
11 officers did not have the necessary probable cause to conclude that Combs resided at that
12 address.  In support Combs asserts that up until the morning of January 8, 2009, his address was
13 5197 Sparkling Vine and that there was not enough substantial evidence for Parole and Probation
14 to find probable cause that his new address was 9421 Shellfish Court.  Defendant asserts that the
15 search must be invalid if there was no probable cause to believe that he lived at the 9421
16 Shellfish Court.  Since the search was not valid, Combs asserts that all the evidence found as a
17 result of the search must be excluded as fruit of the poisonous tree.
18       In response, the Government claims that if Combs did not live at 9421 Shellfish Court, as
19 he asserts in his motion, then he does not have standing to bring a Fourth Amendment claim.  If
20 he did live at 9421 Shellfish Court, then Parole and Probation can search Combs' person,
21 property, place of residence, vehicles, or areas under your control to search at any time, with or
22 without a search warrant for evidence of crime pursuant to his parole agreement.  Additionally,
23 the Government contends that even if the Parole and Probation search was improper, the
24 evidence found at the storage shed and house pursuant to the LVMPD's search warrant is not
25 subject to suppression.  Finally, the Government argues that if the search was improper,
26 exclusion of evidence is not the proper remedy.
27 . . . .
28 . . . .

## **DISCUSSION**

The Fourth Amendment to the United States Constitution provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Warrantless searches pursuant to probation systems are reasonable within the ambit of the Fourth Amendment. *Griffin v. Wisconsin*, 483 U.S. 868, 878-80 (1987). In order for officers to search a parolee's residence, "they must have probable cause to believe that they are *at* the parolee's residence." *Motley v. Parks*, 432 F.3d 1072, 1080 (9th Cir. 2005) (emphasis in original)

Here, the Parole and Probation officers had probable cause to believe they were at Combs' residence. First, Parole and Probation received a fax the morning of January 8, 2009, indicating that Combs' address was 9421 Shellfish Court. That same day, Parole and Probation conducted a home visit. Officer Buratczuk saw Combs through a window at the residence and observed Combs attempt to hide behind some stairs. When the officers entered the house, they found Combs and asked him which room was his. Combs told them that the master bedroom was his. It was in that bedroom that Parole and Probation officers discovered the first handgun.

Here, the evidence is strong. There was no indication at the time, and none since, that the fax reporting Combs' change-of-address originated from someone other than Combs. Certainly as far as Parole and Probation knew, the fax came from Combs himself. Furthermore, when officers came to the residence to perform a home visit, Officer Buratczuk observed Combs inside the residence. The faxed change-of-address and face-to-face observation of the parolee constitute probable cause for Parole and Probation to believe that Combs resided at 9421 Shellfish Court.

Evidence subsequent to the search verifies that belief. At the evidentiary hearing, Donna Hayborn, Combs' girlfriend and resident of 9421 Shellfish Court testified that Combs had moved in just after Christmas 2008, that he stayed there until his arrest, and that she agreed to let him report the address to Parole and Probation as his residence.

The search was valid.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion to Suppress for Fourth Amendment Violation (#20) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before January 3, 2010.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this  23rd  day of December, 2010.

ROBERT J. JOHNSTON
United States Magistrate Judge