# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:10-CR-00173-KJD-RJJ |
| v. | **ORDER** |
| BRETT COMBS, | |
| Defendant. | |

Before the Court is Defendant Brett Combs' Motion to Vacate under 28 U.S.C. § 2255 (#170). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court will order the United States Attorney to respond. 28 U.S.C. § 2255(b). Accordingly the Court will analyze each of Defendant's claims to determine if there is conclusive evidence that the prisoner is entitled to no relief.

The Court notes that Defendant is *pro se*, meaning that his submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted). Accordingly, the Court will liberally construe Defendant's pleadings.

1  The Court also notes that Defendant's pleadings are convoluted, opaque, and redundant. The
2  Court will reorganize and clarify Defendant's claims in order to both better address them, and to
3  ensure a more meaningful response by the Government where required.
4  I. Destroyed Parole File and the Consequences Flowing Therefrom
5  "[W]here the trial . . . court has had a 'say' on a federal prisoner's claim, it may be open to
6  the . . . court to determine that on the basis of the motion, files, and records, the prisoner is entitled to
7  no relief." Kaufman v. United States, 394 U.S. 217, 227 n.8 (1969) (internal quotations omitted). The
8  Court notes that it has already addressed the destroyed parole file–and any consequences flowing
9  from it–at length (##64, 152). Accordingly, having had a "say" in the prior resolution of this issue,
10 the Court determines that the prisoner is entitled to no relief on this ground, based on the motion,
11 files, and records before the Court. Further, the resolution of these issues was reserved for appeal
12 (#152; 7:4-14), but Defendant does not appear to have raised them on appeal. To the extent that
13 Defendant failed to raise these claims on appeal, his claim is procedurally barred. United States v.
14 Ratigan, 351 F.3d 957, 962 (9th Cir. 2003) (holding that failure to raise claims on direct appeal
15 procedurally defaults them). Defendant's Motion is **HEREBY DENIED** as to grounds dealing with
16 the destroyed parole file, and the Government will not respond to any such arguments.
17 II. Ineffective Assistance of Counsel
18 The two prongs of Strickland govern this ground. Defendant must establish that 1) his
19 counsel's representation fell below an objective standard of reasonableness, and 2) that there is a
20 reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
21 would have been different. Padilla v. Kentucky, 559 U.S. 356, 366 (2010) citing Strickland v.
22 Washington, 466 U.S. 668 (1984). Further, "[j]udicial scrutiny of counsel's performance must be
23 highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls
24 within the wide range of reasonable professional assistance; that is, the defendant must overcome the
25 presumption that, under the circumstances, the challenged action might be considered sound trial
26

strategy. Strickland v. Washington, 466 U.S. at 689 (internal quotation omitted).

Defendant alleges that he received ineffective assistance of counsel on the following grounds:

A. Insufficient Grounds, No Response Required

1. Counsel failed to challenge allegedly inconsistent evidence such as minor variations in photographic evidence, consistent but non-identical descriptions of the gun, and altered testimony between the State and Federal Courts. Counsel further failed to rebut the identification of jewelry against Defendant, or to seek a jury instruction limiting the consideration of "prior bad act" evidence. Given the broad latitude granted to Defendant's attorney where trial strategy is concerned, the record conclusively establishes that Defendant is not entitled to relief on these grounds.

B. Grounds Requiring Response

1. Counsel failed to introduce evidence and call witnesses that Defendant alleges would have exculpated him. This includes evidence of temporary custody records, tape recorded phone conversations, hotel records, etc.

2. Counsel failed to challenge the authenticity of fingerprints used against Defendant.

3. Counsel hired and relied on an investigator who was known to have formerly worked with the officers testifying against Defendant, resulting in prejudice against Defendant.

III. Prosecutorial Misconduct

Defendant alleges that the U.S. Attorney prosecuting his case suborned perjury against Defendant. While the Court finds no evidence of this whatever, the Court cannot say that the record conclusively establishes that Defendant is not entitled to relief on this ground. Accordingly, the Government must respond.

IV. Inadequate Appellate Review

Any inadequacies in Defendant's appeal are beyond the purview of 28 U.S.C. § 2255. This Section allows a prisoner to claim that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." Here, Defendant is not attacking his sentence, but his appeal. Accordingly, no relief is possible on this ground, and the Government need not respond to it. However, even if such an attack were permissible, Defendant's arguments amount simply to disagreeing with the Ninth Circuit. Here too, relief would be conclusively foreclosed.

V. Prior Bad Act Evidence

Defendant argues that this Court improperly admitted evidence of prior bad acts at trial. This same argument was made by Defendant's counsel prior to trial (#80) and reviewed and denied by this Court at that time (#92). Accordingly, having had a "say" in the prior resolution of the claim made here, the Court determines that the prisoner is entitled to no relief on this ground. Kaufman, 394 U.S. at 227 n.8. Thus, the Government need not respond as to this ground.

VI. Perjury

Defendant alleges that officers fabricated statements which they attributed to Defendant, and then provided these statements to the Court in lieu of Defendant's actual testimony. The Court finds the officers' testimony credible, and so no relief is available to Defendant on this ground. Accordingly, the Government need not respond.

Defendant further alleges that the officers testified in Court that they failed to Mirandize Defendant, making use of his statements impermissible. The Court is unable to find any such statement in the record before it. Accordingly, no relief is possible on this ground and the Government need not respond.

VII. Informants

Defendant claims that the Government "hid" a witness during trial to prevent his or her testimony for Defendant. As the record does not conclusively establish that Defendant is not entitled to relief on this ground, the Government must respond.

Defendant also claims that his conviction was the result of testimony which could be proven false by the witness' former testimony in the State courts. However, that former testimony was not

admissible, as the witness(es) remained available. Federal Rule of Evidence 804(b). Accordingly, no relief is possible and the Government need not respond.

Defendant further claims that the jury should have been instructed that the witness' testimony "may not be credible." However, Jury Instruction No. 8 explicitly provided instruction regarding weighing the credibility of testimony (#96; 9). No Government response is necessary here as this instruction conclusively shows that the prisoner is entitled to no relief on this ground.

VIII. *Brady* Violation

A Brady violation occurs where evidence favorable to the accused is suppressed by the State, resulting in prejudice. United States v. Price, 566 F.3d 900, 907 (9th Cir. 2009). The burden rests upon Defendant to show that the evidence is material, meaning "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. United States v. Bagley, 473 U.S. 667, 682 (1985).

Defendant alleges that the Government withheld "affidavits that would have proved both witnesses . . . were lying." As the record does not conclusively show that Defendant is not entitled to relief, the Government must respond.

The Government is hereby **ORDERED** to respond, consistent with the discussion above, within 30 days of the entry of this Order.

DATED this 10th day of October 2013.

_____
Kent J. Dawson
United States District Judge