**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:10-CR-173-KJD-RJJ |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| BRETT COMBS, | |
| Defendant. | |

Before the Court is Defendant Brett Combs ("Defendant") Motion to Vacate under 28 U.S.C. § 2255 (#170). This Court clarified Defendant's claims and ordered the Government to respond where the motion and record failed to conclusively show that the prisoner was entitled to no relief (#180). The Government did so (#193), and Defendant replied (#198). It should also be noted that this Court's prior Order (#180) disposed of some, but not all, of Defendant's claims. It is the remaining claims that the Court will address here, despite Defendant's repetition of the previously denied claims in his reply.

Also before the Court is Defendant's Motion to Force Monique Kirtley to Respond (#190). The Government responded (#191), but Defendant has failed to reply, and the time has long since expired.

The Court iterates that Defendant is pro se, meaning that his submissions to the Court are

"to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted). Accordingly, the Court will liberally construe Defendant's motions.

I. Legal Standard

The Court is required to hold an evidentiary hearing "unless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing 28 U.S.C. § 2255) (internal alterations omitted). Further, "no evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." Shah v. United States, 878 F.2d 1156, 1160 (9th Cir. 1989) (internal quotation marks omitted). In making such credibility determinations, the Court may rely on not only documentary testimony and evidence in the record, but also the court's "recollections" of the proceeding and "common sense." Id. at 1159. The decision of which method to use is "entrust[ed] . . . to the court's discretion." Id. at 1159.

II. Ineffective Assistance of Counsel

Strickland's two prongs govern this ground. Defendant must establish that 1) his counsel's representation fell below an objective standard of reasonableness, and 2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Padilla v. Kentucky, 559 U.S. 356, 366 (2010) citing Strickland v. Washington, 466 U.S. 668 (1984). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Strickland, 466 U.S. at 689 (internal quotation omitted). The Court notes that the combination of Strickland's high evidentiary bar with the substantial deference owed to trial

counsel's strategy places a heavy burden upon Defendant.

Defendant has alleged ineffective assistance of counsel on the following grounds:

A. Failure to Introduce Exculpatory Evidence and Witnesses

Defendant's trial counsel, Monique Kirtley ("Kirtley") provided an affidavit to the Court denying this allegation.

> As the trial attorney assigned to represent Mr. Combs, I, along with the assigned investigator and AFPD Ramon Acosta met with Mr. Combs on several occasions to discuss his case, possible defenses, possible defense witnesses [sic]. We investigated every lead that Mr. Combs provided to us. The investigator assigned to the case interviewed individuals that Mr. Combs thought would provide a favorable testimony on his behalf. After sharing with Mr. Combs the outcome of the interviews and investigation, a determination was made that the information gathered from the investigation and interviews would not be beneficial to Mr. Comb's defense.

(#193, Ex. A).

Based on the Court's recollections and common sense, the Court finds Kirtley's affidavit credible. Further, even if Kirtley was in error, substantial deference is owed to determinations such as which witnesses to call and what evidence to present. Beyond this, given the strength of the evidence of Defendant's guilt at trial, there is no reasonable probability that the outcome in this case would be altered. For all of these reasons, no relief is available on this ground.

Defendant particularly alleges in his reply that two known individuals with armed robbery convictions also had ties to the house where the firearms were found, and that this evidence should have been brought forward as exculpatory. However, such evidence is not directly relevant to whether Defendant possessed the firearms. Further, emphasizing Defendant's association with known armed robbers is at best a risk-laden strategy. Accordingly, and for the same reasons as above, no relief is available on this ground.

B. Failure to Challenge the Authenticity of Fingerprint Evidence

Kirtley similarly denies this allegation in her affidavit. She recounts that prior to trial she hired Dr. Haber, a fingerprint expert, and that this expert testified at trial (#193, Ex. A). His testimony involved forensic examination of fingerprints, and the inadequacies of the fingerprint forensic report in this case (#193, Ex. A.).

As above, and for the same reasons, the Court finds Kirtley's affidavit to be credible. Further, the record in this case clearly demonstrates Defendant's claim to be false (##131, 132). Accordingly, no relief is available on this ground. To be clear, the standard in ineffective of assistance of counsel claims is wholly independent of what Defendant thinks ought to have been done, or what Defendant wanted done. Accordingly, it is irrelevant that Kirtley's expert testified as to the reports rather than as to the physical evidence. It is precisely these sorts of decisions to which the Court must grant counsel the widest deference.

### C. Hiring an Investigator Who Previously Worked with Opposing Officers

Kirtley similarly denies this allegation in her affidavit. She states that the investigator was not hired to work on Comb's case, but was a "long time employee" of her office and was assigned "in the normal manner" (#193, Ex. A). Further, "[t]he investigator did not work with the officers testifying against the defendant" (#193, Ex. A).

As above, and for the same reasons, the Court finds Kirtley's affidavit to be credible. Accordingly, Defendant cannot show objectively deficient performance or that there is a reasonable probability of a different outcome in this case. Accordingly, no relief is available on this ground. Further, alleged violations of the Rules of Professional Conduct are not grounds for overturning the verdict in this case.

### III. The Prosecution Suborned Perjury

The prosecutor in this case, Cristina D. Silva ("Silva") provided an affidavit stating "The Government did not suborn perjury" (#193, Ex. B). Based on the Court's recollection and common sense, the Court finds Silva's affidavit to be credible. Even if Defendant is correct and witnesses did perjure themselves, no relief is available. "Before a sentence may be vacated on the ground of perjured testimony, the movant must show that the testimony was perjured and that the prosecuting officials knew at the time such testimony was used that it was perjured." Marcella v. United States, 344 F.2d 876, 880 (9th Cir. 1965). The Court finds Silva's testimony credible. Accordingly, no hearing is necessary and no relief is available on this ground.

4

IV. Hiding of Witnesses

The Court construes Defendant's claim that the prosecution hid witnesses as an allegation of a Brady violation. Thus, it is Defendant's burden to show that the witnesses would have provided material evidence, meaning "there is a reasonable probability that, had the evidence been [been brought forward at trial], the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, (1985).

Silva provides the Court an affidavit stating that "[t]he Government did not 'hide' a witness during trial" (#193, Ex. B). Silva further points out that no effective response can be made without knowing the name of the supposed hidden witness (#193, Ex. B). Although Defendant provides names or descriptions of "hidden" witnesses in his reply, the Court finds Silva's affidavit to be credible based on its own recollection and common sense. Further, given the strength of the evidence at trial, there is no reasonable probability that these witnesses would have changed the result of the proceeding. Accordingly, no relief is available on this ground.

V. Withholding of Impeaching Affidavits by the Prosecution

Defendant alleges a Brady violation in that the Government withheld affidavits which would impeach the testimony of witnesses against Defendant. It is Defendant's burden to show that the evidence is material, meaning "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, (1985).

Silva provides the Court an affidavit stating that all discovery was provided to defense counsel prior to trial, and that the Government "did not withhold any affidavits from any witnesses, and has no knowledge of any alleged affidavits" (#193, Ex. B). Based on the Court's recollection and common sense, the Court finds Silva's affidavit to be credible. Further, Defendant has produced no evidence whatever that such affidavits exist, or would undermine confidence in the proceeding if they did. Accordingly, no hearing is necessary and no relief is available on this ground.

VI. Conclusion

For the above reasons, Defendant's Motion to Vacate under 28 U.S.C. § 2255 (#170) is **HEREBY DENIED**.

Further, Defendant's Motion to Force Monique Kirtley to Respond (#190) is **HEREBY DENIED** as moot.

DATED this 19th day of May 2014.

_____
Kent J. Dawson
United States District Judge